Roy F. DIEBOLD, Plaintiff,

v.

CIVIL SERVICE COMMISSION OF ST. LOUIS COUNTY et al., Defendants.

No. 78–1164C(1).

United States District Court, E. D. Missouri, E. D.

Feb. 6, 1979.

Bruce Nangle, Stephen J. Nangle, Clayton, Mo., for plaintiff.

Thomas W. Wehrle, County Counselor, Andrew J. Minardi, Associate County Counselor, Clayton, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on defendants' motion to dismiss or alternative motion for summary judgment. For the reasons stated below, defendants' motion for summary judgment will be granted.

This matter is pending on the complaint of the plaintiff who alleges jurisdiction under the provisions of 42 U.S.C. § 1983, 28 U.S.C. §§ 1343 and 2201, and the alleged denial of his rights and privileges under the Fifth and Fourteenth Amendments of the Constitution of the United States.

The action arises from the dismissal of plaintiff on September 7, 1978, from his tenured position under the civil service in the Department of Human Resources, employed by the Juvenile Court of the 21st Judicial Circuit of the State of Missouri. The stated reasons for dismissal were (1) incompetency and inefficiency in the performance of his duties, and (2) conduct which is criminal, immoral or highly prejudicial to the employer County. The immoral or criminal conduct charge is based on plaintiff's arrest on August 9, 1978, for child molestation. Either ground is specifically listed as a cause for dismissal under County Civil Service Commission Rule XVII, Sections 4(b) and (h).

On September 8, 1978, plaintiff appealed his discharge, denying the charges in his dismissal letter and requesting a hearing before the County Civil Service Commission (hereinafter Commission). The Commission set a hearing for November 9, 1978. Plaintiff alleges that the rules under which a hearing is conducted by the Commission are unconstitutional. The plaintiff complains that since his arrest he has been indicted on a charge of child molestation, and if he is required to testify before the Commission under Rule XVIII, Sections 2(b)(5) and (8), it will deprive him of his Fifth Amendment right to refuse to testify. The Rules in question compel a person placing an appeal before the Commission or employees of the Commission to answer any questions posed or be dismissed.

Based on the alleged unconstitutionality of the proposed application of these rules to plaintiff's appeal before the Commission, plaintiff filed this suit asking this Court for a declaration as to the constitutionality of those rules, for a temporary and a permanent injunction against the holding of the Civil Service Commission hearing on his discharge until the criminal charge is resolved, for an order of this Court reinstating him with full back pay, and other relief.

On November 8, 1978, this Court denied the temporary injunction on the basis that no denial of constitutional rights was shown and that there was no indication that the defendants have any intention of requiring plaintiff to waive his immunity in the event

his testimony would be required at the hearing. *Sanitation Men v. Sanitation Comm'r.,* 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967).

Subsequent to the entry of this order, a brief hearing was conducted by the Commission. The Commission granted a continuance of the discharge hearing and specifically ruled that Mr. Diebold's refusal to answer a question based upon his Fifth Amendment privilege would not be separate grounds for dismissal under the Commission's rules.

Based on these circumstances, the Commission moves for summary judgment since no live controversy regarding the application of the cited Commission rules to Mr. Diebold's case now exists.

It is clear from the affidavit and transcript of the November 9, 1978 hearing, filed with the motion for summary judgment, that plaintiff will not be penalized for asserting his Fifth Amendment right against self-incrimination before the Commission. Thus, there is no showing that plaintiff has been or will in the future be deprived of a Federally or constitutionally protected right, privilege, or immunity by a person or persons acting under color of State law. 42 U.S.C. § 1983. *See also* 28 U.S.C. §§ 1343 and 2201. Since plaintiff has failed to demonstrate that there is any genuine issue as to any material fact, summary judgment is appropriate as to all defendants. Rule 56(b), Fed.R.Civ.P.